**MALAMUT & ASSOCIATES, LLC**
Adam S. Malamut - 019101999
Keith J. Gentes - 036612009
457 Haddonfield Road
Suite 500
Cherry Hill, NJ 08002
856-424-1808
856-424-2032 (f)
*Attorneys for Plaintiff*

---

| | |
|---|---|
| GAIL L. LEAKE | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – UNION COUNTY |
| Plaintiff, | DOCKET NO. |
| v. | *Civil Action* |
| THE HOME DEPOT, INC.; JOHN/JANE DOES 1-100, fictitious persons; ABC CORP., 1-100, fictitious entities | COMPLAINT, JURY DEMAND, CERTIFICATIONS, DEMAND FOR DISCOVERY |
| Defendants. | |

---

Plaintiff, GAIL L. LEAKE, by and through her attorneys Malamut & Associates, complaining of the defendants, deposes and says:

## JURISDICTION AND VENUE

1. Plaintiff, GAIL L. LEAKE, is an adult individual who at all times material hereto resided in the County of Union and State of New Jersey.

2. Defendant, THE HOME DEPOT, INC., upon information and belief, is a company in the business of home improvement retail sales throughout the State of New Jersey including Union County.

3. Defendants, JOHN/JANE DOES 1-100 and ABC CORP., 1-100, were fictitious individuals and business entities, whose identities are unknown, that owned, operated, leased, managed, maintained, controlled, possessed, and/or rented the aforesaid premises,

1

or are otherwise responsible for the accident and the injuries sustained by the plaintiff. Plaintiff will amend this Complaint at such time as the identity(s) of these fictitious defendants become known throughout the course of continuing investigation and discovery.

4. This Court has jurisdiction over the defendant(s) because it/they conducted business within the State of New Jersey at all times relevant to this Complaint.

5. Venue for this action properly lies in Union County, pursuant to R. 4:3-2(b), because it is the county in which the cause of action arose.

**FIRST COUNT**
**GAIL L. LEAKE v. THE HOME DEPOT, INC., and/or**
**JOHN/JANE DOES 1-10 and/or ABC CORP. 1-10**

1. Plaintiff, GAIL L. LEAKE, repeats and re-alleges each and every allegation of the previous sections/counts as if fully set forth herein at length.

2. On or about May 15, 2018, plaintiff, GAIL L. LEAKE, was a business invitee lawfully in and upon the premises more commonly known as defendant, THE HOME DEPOT, INC., store 0915, located at 2445 Springfield Avenue in the Community of Vauxhall, County of Union and State of New Jersey.

3. At all times material hereto, defendants, THE HOME DEPOT, INC. and/or JOHN/JANE DOES 1-10 (fictitious names) and/or ABC CORP. 1-10 (fictitious entities) owned, managed, operated, maintained and otherwise controlled a retail home improvement store located at 2445 Springfield Avenue in the Community of Vauxhall, County of Union and State of New Jersey.

4. Defendants, THE HOME DEPOT, INC., and/or JOHN/JANE DOES 1-10 (fictitious names) and/or ABC CORP. 1-10 (fictitious entities), did so negligently and carelessly

2

own, occupy, operate and/or maintain the aforesaid premises so as to cause a dangerous condition to exist thereon.

5. More specifically, at or around 12:15 PM on the aforementioned date and place, plaintiff was walking down aisle 35 with an individual, upon information and belief, a sales representative of defendant, named Walter, whereupon plaintiff was caused to slip and fall upon an unknown object on the floor believed to be a "zip-tie."

6. At the aforementioned time and place, plaintiff, GAIL L. LEAKE, came into contact with said dangerous condition and she was directly caused to fall and sustain injuries as hereinafter more fully stated, all as a direct and proximate result of the negligence of defendants, THE HOME DEPOT, INC., and/or JOHN/JANE DOES 1-10 (fictitious names) and/or ABC CORP. 1-10 (fictitious entities).

7. Defendants, THE HOME DEPOT, INC., and/or JOHN/JANE DOES 1-10 (fictitious names) and/or ABC CORP. 1-10 (fictitious entities), through their agents, servants, and employees failed to warn persons walking upon the dangerous condition, including plaintiff, when it knew, or by the exercise of ordinary care would have known, that such failure to warn was likely to cause persons walking on the dangerous condition to fall and be injured by reason of the conditions of the dangerous condition referred to above.

8. Defendants, THE HOME DEPOT, INC., and/or JOHN/JANE DOES 1-10 (fictitious names) and/or ABC CORP. 1-10 (fictitious entities), through their agents, servants, and employees, failed to exercise ordinary care to discover the defective and dangerous condition when it/they/he/she would, in the exercise of ordinary care, have discovered this condition in time to have remedied it and to have prevented injury to plaintiff.

9. As a direct and proximate result of the negligence of the defendants, as aforesaid, plaintiff, GAIL L. LEAKE, was caused to sustain, and did sustain, serious and permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication and has been, and will in the future continue to be, hampered in her daily routine.

**WHEREFORE**, plaintiff, GAIL L. LEAKE, demands judgment against the defendants, THE HOME DEPOT, INC., and/or JOHN/JANE DOES 1-10 (fictitious names) and/or ABC CORP. 1-10 (fictitious entities), jointly, severally or in the alternative, in the amount of her damages, together with interest and costs of suit.

## SECOND COUNT
## GAIL L. LEAKE v. JOHN/JANE DOES 11-100 and ABC CORPS. 11-100

1. Plaintiff, GAIL L. LEAKE, repeats and re-alleges each and every allegation of the previous sections/counts as if fully set forth herein at length.

2. At the aforementioned time and place, the defendants, John/Jane Does 11-100 and ABC CORP., 11-100, were fictitious individuals and business entities, which defendants were individuals and/or business entities who owned, managed, operated, maintained, performed cleaning services or maintenance services and/or controlled the premises, or were otherwise hired or obligated to do so in a safe and reasonable manner.

3. At the aforementioned time and place, the defendants, JOHN/JANE DOES 11-100 and ABC CORP., 11-100 maintained and otherwise controlled the premises and permitted the existence of a dangerous condition which condition rendered the premises dangerous and unsafe, whereby persons walking thereon were likely to fall and sustain injuries, all of which defendants knew, or by the exercise of ordinary care would have known, in time to have remedied the same and to have avoided injury to plaintiff.

4

4. At all times herein mentioned, the defendants, JOHN/JANE DOES 11-100 and ABC CORP., 11-100, negligently and carelessly performed the aforesaid duties at the premises, causing the injuries of which the plaintiff, GAIL L. LEAKE, herein complains, specifically by permitting the premises to remain dangerous and unsafe, whereby persons walking thereon were likely to fall and sustain injuries, all of which defendants knew, or by the exercise of ordinary care would have known, in time to have remedied the same and to have avoided injury to plaintiff and should have provide adequate warning to plaintiff and other business invitees.

5. As a direct and proximate result of the aforesaid negligence and carelessness of the defendants, JOHN/JANE DOES 11-100 and ABC CORP., 11-100, plaintiff, GAIL L. LEAKE, was damaged as previously set forth herein at length.

    **WHEREFORE**, plaintiff, GAIL L. LEAKE, demands judgment against the defendants, THE HOME DEPOT, INC., and/or JOHN/JANE DOES 1-100 (fictitious names) and/or ABC CORP. 1-100 (fictitious entities), jointly, severally, and alternatively, for damages, interest and cost of suit.

                                            **MALAMUT & ASSOCIATES, LLC**


                                            /s Adam S. Malamut_____
                                            Adam S. Malamut, Esquire

Date: 5/5/20

## JURY DEMAND

Plaintiff demands a trial by jury of the within issues.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Keith J. Gentes, Esquire as Trial Counsel.

## CERTIFICATION PURSUANT TO R.4:5-1

I certify that, to the best of my knowledge, the matter in controversy is not the subject matter of another action pending in any or any pending arbitration proceeding and no other action or arbitration proceeding is contemplated. At the present time, I do not know the names of any other parties who should be joined in this action.

## DEMAND FOR INSURANCE INFORMATION

**PLEASE TAKE NOTICE** that pursuant to R. 4:10-2(b), plaintiff hereby demand production of a copy of all insurance agreements under which the defendants may be covered to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

                                                   **MALAMUT & ASSOCIATES, LLC**

                                                   /s Adam S. Malamut_____
                                                   Adam S. Malamut, Esquire

Date: 5/5/20

# Civil Case Information Statement

**Case Details: UNION | Civil Part Docket# L-001476-20**

**Case Caption:** LEAKE GAIL  VS THE HOME DEPOT INC
**Case Initiation Date:** 05/05/2020
**Attorney Name:** KEITH J GENTES
**Firm Name:** MALAMUT & ASSOCIATES LLC
**Address:** 457 HADDONFIELD RD STE 500 CHERRY HILL NJ 08002
**Phone:** 8564241808
**Name of Party:** PLAINTIFF : Leake, Gail, L
**Name of Defendant's Primary Insurance Company (if known):** Sedgwick Claims Management Services

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Are sexual abuse claims alleged?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/05/2020
Dated

/s/ KEITH J GENTES
Signed